FOR PRINT PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE CITY OF SACHSE, TEXAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-269 |
| | § | |
| KANSAS CITY SOUTHERN, d/b/a | § | |
| KANSAS CITY SOUTHERN RAILWAY | § | |
| COMPANY, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the court are "Defendant's Amended, Corrected Motion for Reconsideration of, or, Alternatively, Motion to Alter or Amend, the Remand Order and Brief in Support" (de # 28), and a Response (de # 29) and Reply (de # 30) thereto. Having considered the Motion, the responsive briefing and the applicable law, the court is of the opinion that the Defendant's Motion should be DENIED.

**I. BACKGROUND**

This lawsuit involves a dispute between the Plaintiff, the City of Sachse ("Sachse"), and the Defendant, Kansas City Southern ("KSC") regarding the potential condemnation of a portion of a KSC rail line. Sachse proposes to extend one of its roadways across an existing rail line, requiring the construction of a railroad crossing across the line. This lawsuit was originally filed in the County Court at Law No. 2 of Collin County, Texas and removed to this court on May 30, 2007.

Sachse filed a Motion to Remand, arguing that this court lacked jurisdiction over the subject matter, and on March 19, 2008, the court signed an order granting that motion. In that order, the

court determined that this lawsuit is a "civil action" within the meaning of 28 U.S.C. § 1441(a). The court went on to determine that this matter did not present a federal question because there was no evidence properly before the court that the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") preempted state court adjudication of this lawsuit. The court further found that, despite the parties' diverse citizenship, the amount in controversy is plainly less than $75,000. Lacking any other jurisdictional hook, this case was ordered to be remanded to the state court.

KCS respectfully challenges the court's determination that it does not have before it the proper evidence to consider fully the ICCTA preemption argument. Attached to the state court petition in KCS's Notice of Removal is an aerial view plat of the land adjacent to the proposed construction project and depicting the existing topography. No other crossing design documents or visual depiction of the area was included in the Notice of Removal.

In the parties' briefing on the Motion to Remand, each side presented expert reports regarding the safety risks posed by two different crossing designs. Sachse presented the Declaration of Ashley Frysinger declaring that an August 1, 2007 design did not create undue safety risks. The Adjusted Design evidently corrected safety flaws in the February 23, 2007 crossing design which were illuminated in the Declaration of Joseph Masterson, presented by KCS. Because neither design was attached to the Notice of Removal (and, of course, the August 1 design could not have been since it postdates the Notice), and because the propriety of removal is determined on the basis of the record before the court at the time of removal, the court concluded that it did not have before it any evidence on which to make a finding that the railroad crossing posed undue safety risks. As such, the court could not determine that the ICCTA preempted Texas law with regard to this matter, eliminating that avenue as a potential source of subject matter jurisdiction. Accordingly, the court

granted Sachse's Motion to Remand.

KCS argues that because the February 23, 2007 crossing design was the design Sachse intended to implement as of the time the state court case was removed, the court should have considered it, and Masterson's conclusions thereto. Sachse does not respond to KCS' argument that the court should have considered the Masterson Declaration. Rather, Sachse argues that the court lacks jurisdiction to reconsider its remand order and that ICCTA preemption is inappropriate, leaving the court without subject matter jurisdiction.

## II.  LEGAL STANDARD

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (internal citation omitted).

### III. DISCUSSION AND ANALYSIS

The court will first address Sachse's argument that it lacks jurisdiction to reconsider its order of remand. Where, as here, the remand order is based on lack of subject matter jurisdiction, the Fifth Circuit Court of Appeals has repeatedly held that a district court is not divested of jurisdiction until the clerk mails a certified copy of the remand order to the state court. 28 U.S.C. § 1447(c) (2006); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437-38 (5th Cir. 2001); *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991). Thus, the mailing of a certified copy of the remand order is a jurisdictionally significant event; only after the order is mailed is the court divested of jurisdiction over the lawsuit. *Arnold*, 278 F.3d at 438. The clerk has not mailed a certified copy of the court's March 19, 2008 order to the state court. Accordingly, the court has jurisdiction to consider KCS' Motion.

The remaining issue is whether the court should have considered the February 23, 2007 crossing design and the Masterson Declaration explaining its pitfalls. As stated in the court's March 19 order, so long as a claim is not added that would itself create subject matter jurisdiction subsequent to removal, the removability of a civil action is determined on the basis of the claims in the state court petition as it exists at the time of removal. *In re Bissonnet Inv., L.L.C.*, 320 F.3d 520, 525 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Wingate v. Kerr-Mcgee Rocky Mt. Corp.*, 353 F. Supp. 2d 779, 782 (E.D. Tex. 2005); *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 638 (E.D. Tex. 2005). Thus, the court looks to the record as it existed at the time the case was removed. *Manguno*, 276 F.3d at 723; *Wingate*, 353 F. Supp. 2d at 782; *Nixon*, 368 F. Supp. 2d at 638.

Viewing the record as it existed at the time of removal, the court is compelled to once again

conclude that it lacks jurisdiction to hear this case. The ICCTA preempts state court adjudication of disputes arising out of projects such as the one at issue if the project would "impede rail operations or pose undue safety risks." *District of Columbia v. 109,205.5 Square Feet of Land*, Civ. A. No. 05-202 (RMU), 2005WL 975745, at *4 (D. D.C. Apr. 21, 2005). Neither party presented evidence addressing the safety issues surrounding any depiction, visual or otherwise, of the proposed rail crossing contained in the record before the court at the time of removal.

Accordingly, the court is unable to conclude that the construction project would impede rail operations or pose undue safety risks. The ICCTA, therefore, does not preempt state law in this matter, and the court lacks any other jurisdictional basis over the subject matter of this lawsuit. Thus, remand is proper. This conclusion is illustrative of two policies axiomatic to removal jurisprudence. First, the removing party bears the burden of establishing jurisdiction in the federal forum. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). KCS has failed to present evidence as to the safety risks posed by the representations of the proposed rail crossing contained in the record at the time of removal and has, thus, failed to carry that burden. Next, the removal statute is strictly construed, favoring remand in the face of any ambiguity as to the propriety of removal. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

KCS argues that the Masterson Declaration should have been considered by the court because it addresses the February 23, 2007 design, the design in existence at the time of removal. Yet, that design was not a part of the record before the court at the time of removal. Thus, any explanation as to its shortcomings is inappropriate in response to a motion to remand. *See Cavallini*, 44 F.3d at 264. Thus, if the court had considered its jurisdiction over the subject matter *sua sponte* on the day the case was removed, as it certainly could have, *Gasch*, 491 F.3d at 281, it would not have been able

to consider the February 23, 2007 design because the design was not before the court. KCS does not explain why its briefing should be allowed to create the facts that would support jurisdiction, and the applicable law provides that it does not. *See Cavallini*, 44 F.3d at 264 (stating that removability is determined "on the basis of claims in the state court complaint as it exists at the time of removal"). This is not to say that the parties' briefing cannot be helpful; indeed, the parties contentions in response to the Motion to Remand were imminently illuminating. But the arguments raised in the briefing do not alter the scope of the court's consideration of the issues surrounding remand.

## IV. CONCLUSION

Based on the foregoing, the court finds that it lacks jurisdiction over the subject matter of this lawsuit. Accordingly, the court is of the opinion that Kansas City Southern's Motion for Reconsideration (de # 28) should be, and hereby is, DENIED. It is therefore

ORDERED that this lawsuit is hereby REMANDED to the County Court at Law No.2 of Collin County, Texas.

IT IS SO ORDERED.

**SIGNED this the 1st day of July, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE